IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------------------------------------------------

ROBERT L. COLLINS BEY,

                Plaintiff,

  v.

TIM HAINES, PETER HUIBREGTSE,
MICHAEL MEISNER, TONY ASHWORTH,
SARA MASON, MARY MILLER,
CINDY SAWINSKI, KAREN ANDERSON,
CYNTHIA M. THORPE, DR. STEVEN,
DR. JAMES THORPE, DR. JAMES WOMMACK,
DR. WILLIAM GISWOLD and DR. JOHN DOE,

                Defendants.

ORDER

13-cv-618-bbc

--------------------------------------------------------------------------------------------------------

      The Wisconsin Department of Justice has indicated that it will represent defendants Tim Haines, Peter Huibregtse, Michael Meisner, Tony Ashworth, Mary Miller, Cindy Sawinski, Karen Anderson, Cynthia M. Thorpe, Dr. James Thorpe, Dr. James Wommack and Dr. William Giswold in this case. Pursuant to an informal service agreement between the Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of these defendants. Therefore, for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department. All he has to do is submit the document to the court, and the Department will access the document through the court's electronic filing system[1].

      The Department has not accepted service on behalf of Dr. Steve or Dr. John Doe. In their Acceptance of Service, the Department says they do not know the identity of Dr. Steve.

---

[1] Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference.

Pursuant to *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), it is the plaintiff's responsibility to identify the defendants. If a defendant cannot be identified, he or she cannot be served with plaintiff's complaint. Unless the defendant has notice of the claims against him or her and an opportunity to defend against them, plaintiff cannot recover relief. Therefore, at this stage of the proceedings, I will treat defendants Dr. Steve and Dr. John Doe as a John Doe defendants whose names plaintiff will have to obtain through discovery. If plaintiff does not identify these defendants within the time set by the United States Magistrate Judge to do so, plaintiff's claim against them will be dismissed without prejudice.

If identity of these defendants is ascertained, the Department will decide whether to accept service on their behalf, and if they do, you will not have to send a paper copy of each document to them. If the Department does not accept service, you will have to send these defendants or their attorney(s), a paper copy of each document.

ORDER

IT IS ORDERED that the parties treat Dr. Steve and Dr. John Doe as John Doe defendants until plaintiff can ascertain their true identities in accordance with a schedule to be set by the United States Magistrate Judge at the preliminary pretrial conference to be held in this case.

Entered this 25th day of November, 2013.

BY THE COURT:

/s/
PETER A. OPPENEER
Magistrate Judge

2