IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROBERT L. COLLINS BEY,

                                                                ORDER

                    Plaintiff,

     v.                                                                 13-cv-618-bbc

TIM HAINES, *et al.*,

                    Defendants.
_____

       In this case, plaintiff Robert L. Collins Bey, and inmate housed at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment deliberate indifference and state law negligence claims regarding defendant prison officials' alleged failure to provide him with adequate dental care. Briefing had been set on plaintiff's motion for preliminary injunctive relief, but the briefing deadlines have passed without plaintiff filing any proposed findings of fact as required by this court's procedures to be followed on briefing preliminary injunction motions, a copy of which was previously provided to plaintiff. The reason for this appears to be a dispute between the parties regarding plaintiff's dental records.

       From the documents submitted by the parties, it appears that plaintiff was provided with an opportunity to review his dental records, but he does not believe that the records provided 0(he says there are two "small folders" worth of material) are his complete dental file. He wants medical staff to sign a certification that the records are complete, and has filed a letter I construe as a motion asking the court to compel that staff sign the certification. Defendants request that the court "order plaintiff to request a review of his records according to institution policy, and after such review is complete, to timely sign and provide to defense counsel the authorization for use and disclosure of medical information."

I will deny both motions. First, plaintiff should rest assured that he is entitled to see his entire dental file, not only because they are his own medical records, but also because they highly relevant to plaintiff's claims in this case. I do not understand defendants to be arguing otherwise. To the extent that plaintiff believes that he has not been provided with his entire dental file, he is free to file a motion to compel discovery of that information, but he will have to explain what it is he thinks is missing.

As for defendants' motion, the court will not force plaintiff to review his records and it will not force plaintiff to permit defendants to view them. However, if plaintiff chooses not to do these two things, then his choices could result in dismissal of his lawsuit. This is because defendants likely cannot defend against plaintiff's claims without having access to plaintiff's dental records. If plaintiff wishes to pursue thiws lawsuit, then he should promptly examine the records provided and authorize release of relevant records to defendants. Once these discovery issues are ironed out, the court can set a new schedule on briefing the preliminary injunction motion.

Plaintiff has also renewed his motion for the court's assistance in recruiting him counsel. The court denied his original motion in part because the case had not even progressed to the phase in which defendants often move for summary judgment based on a plaintiff's failure to exhaust his administrative remedies, and there was no reason to think that plaintiff would need counsel for this step. The reasoning remains valid, so I will deny the motion for recruitment of counsel for the time being.

ORDER

It is ORDERED that

(1) Plaintiff Robert L. Collins Bey's motion for DOC staff to sign a document certifying that his dental records are complete, dkt. 21, is DENIED.

(2) Defendants' motion to compel plaintiff to review his dental records and sign a medical release authorization form, dkt. 22, is DENIED.

(3) Plaintiff's renewed motion for the court's assistance in recruiting him counsel, dkt. 18, is DENIED WITHOUT PREJUDICE.

Entered this 21st day of March, 2014.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge