IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROBERT L. COLLINS BEY,

                                  Plaintiff,

       v.

TIM HAINES, *et al.*,

                                  Defendants.

ORDER

13-cv-618-bbc
_____

      In this case, plaintiff Robert L. Collins Bey, an inmate housed at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment deliberate indifference and state law negligence claims regarding defendant prison officials' alleged failure to provide him with adequate dental care. Briefing had been set on plaintiff's motion for preliminary injunctive relief, but the briefing deadlines have passed without plaintiff filing any proposed findings of fact as required by this court's procedures. As I stated in a March 21, 2014 order, the reason for this seemed to be a dispute between the parties regarding plaintiff's dental records.

      In that March 21 order, I denied the parties' discovery motions, stating as follows:

> I will deny both motions. First, plaintiff should rest assured that he is entitled to see his entire dental file, not only because they are his own medical records, but also because they highly relevant to plaintiff's claims in this case. I do not understand defendants to be arguing otherwise. To the extent that plaintiff believes that he has not been provided with his entire dental file, he is free to file a motion to compel discovery of that information, but he will have to explain what it is he thinks is missing.
>
> As for defendants' motion, the court will not force plaintiff to review his records and it will not force plaintiff to permit defendants to view them. However, if plaintiff chooses not to do these two things, then his choices could result in dismissal of his lawsuit. This is because defendants likely cannot defend against plaintiff's claims without having access to plaintiff's dental records. If plaintiff wishes to pursue this lawsuit, then he should promptly examine the records provided and authorize release of relevant records to defendants. Once these

>discovery issues are ironed out, the court can set a new schedule on briefing the preliminary injunction motion.

Dkt. 24.

Now plaintiff has responded to the order, stating that he signed an authorization form after being given a chance to view his records, although he seems to think that there were documents missing from the file. Plaintiff states that he is "submitting a motion to the court to compel discovery of information." It is unclear whether he considers his response to the order itself to be the motion to compel or whether another document is forthcoming, but the current document is nowhere close to containing the information necessary for a successful motion to compel. It does not explain what information he wants, nor does it explain what steps he has taken to work with defendants to obtain the information. As such, there is no reason for the court to even treat it as a motion.

If plaintiff thinks that defendants are withholding information from him, he may file a motion to compel discovery but will have to explain in detail what information he seeks. To head off a possible argument by plaintiff that the dental records he has seen are not *all* of his dental records, I note that defendants are on notice that they must provide plaintiff with all of this information.

If plaintiff is trying to recover documents that he believes are missing from the record, defendants may not be able to comply with his request, as they cannot turn over what they do not have. At this point I do not see any reason in delaying briefing on plaintiff's preliminary injunction motion any further. Accordingly, I will set a new briefing schedule in the order section below.

Also in his response, I understand plaintiff to be saying that he would like to add the new warden at WSPF, Gary Boughton, to his complaint for the purposes of bringing substantive claims

2

against him as well as including in his claims for injunctive relief. The court already allowed plaintiff to proceed against the previous warden, Tim Haines, in his official capacity for purposes of granting injunctive relief. Boughton may be substituted for Haines on this claim, although Haines will remain in the case regarding plaintiff's substantive allegations. To the extent that plaintiff wants to bring substantive claims against Boughton for his alleged role in denying plaintiff treatment, he may attempt to do so by filing a supplement to his complaint under Fed. R. Civ. P. 15(d).

Finally, plaintiff appears to have ascertained the identities of Doe defendants "Dr. Steve" and "Dr. John Doe." Plaintiff states that "Dr. Steve" is actually defendant James Steven Wommack and that "Dr. John Doe" is Dr. Tom Boston. Accordingly, the caption will be amended to remove the Doe defendants and add Boston. The state should indicate whether it accepts service of behalf of defendant Boston and, if so, file an answer under the terms of the January 23, 2014 preliminary pretrial conference order.

## ORDER

It is ORDERED that

(1)  Briefing is set on plaintiff Robert L. Collins Bey's motion for preliminary injunctive relief as follows: plaintiff may have until May 12, 2014 to file his brief, proposed findings of fact and supporting evidence. Defendants may have until May 26, 2014 to file their opposition materials.

(2)  The caption is AMENDED to remove the John Doe defendants and add Tom Boston.

(3)  Defendant Gary Boughton is added to the case as a defendant for purposes of plaintiff's request for injunctive relief.

Entered this 28th day of April, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge