IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ROBERT L. COLLINS BEY,

                Plaintiff,

v.

TIM HAINES, *et al.*,

                Defendants.

ORDER

13-cv-618-jdp
_____

      In this case, plaintiff Robert L. Collins Bey, an inmate housed at the Wisconsin Secure Program Facility, is proceeding on claims of Eighth Amendment deliberate indifference and state law negligence regarding the defendant prison officials' alleged failure to provide him with adequate dental care by failing to provide him partial dentures and by delaying the extraction of a broken tooth and replacement of a filling.

      One focus of the litigation thus far has been plaintiff's ability to prepare materials in support of his motion for preliminary injunctive relief. The first set of deadlines on this motion passed without plaintiff filing proposed findings of fact. After plaintiff filed a motion for an extension of the amended briefing schedule, District Judge Barbara Crabb denied the PI motion without prejudice to allow plaintiff to renew his motion whenever he was ready to do so. Dkt. 28. Judge Crabb also gave defendants a short time to respond to plaintiff's allegations that he was being denied adequate law library time. Currently before the court is defendants' response to Judge Crabb's order as well as plaintiff's motion to compel discovery and renewed motion for the court's assistance in recruiting counsel. I will address these filings in turn.

**I. Law Library Time**

Defendants have responded to plaintiff's allegations about law library time, indicating that he has received more library time than the average inmate because of the prison's policy allocating "priority time" for inmates who have cases with pending deadlines. Usually, the court would ask plaintiff to explain whether defendants' account squares with his earlier allegations, but the question has become moot because, as stated below, I will be granting plaintiff's motion for the court's assistance in recruiting counsel.

**II. Motion to Compel and for Sanctions**

Plaintiff has filed a motion to compel discovery of various items. First, plaintiff states that only two of the six defendants (Boston and Giswold) to whom he sent interrogatories signed defendants' responses. Defendants later sent Thorpe's and Anderson's signatures. At the time he submitted his motion to compel, plaintiff had not yet received signatures from defendants Miller and Wommack. In addition to seeking the signatures, plaintiff argues that the lack of defendants' signatures, coupled with counsel's earlier signature on the responses and the fact that the responses all sound alike, shows that counsel, rather than the defendants, is providing testimony and should be sanctioned. In response, defendants have now provided defendant Wommack's signature (they attempt to explain the delay by stating that Wommack was "away from the institution"), and state that defendant Miller is unavailable to provide testimony for medical reasons. In responding to plaintiff, defendants also withdrew Miller's purported testimony, stating that her earlier answers were "draft responses."

Although it is not unusual for counsel to prepare discovery responses, those responses must be grounded in defendants' own knowledge. Counsel's after-the-fact submission of three signatures and withdrawal of Miller's responses (which counsel did not designate as "draft" at the time) makes plaintiff's suspicions understandable. Even assuming that defendants' responses properly indicate each defendant's version of the facts, only two of the signatures were received within the 30-day time limit contemplated by Fed. R. Civ. P. 33. That said, I will deny plaintiff's motion for sanctions at this point because I am not persuaded that defendants have wilfully misled plaintiff or that plaintiff has been prejudiced by the relatively late responses. However, I am warning defendants–and their attorney(s)– that the court will not tolerate such lax discovery practice hereafter in this lawsuit. Regardless of plaintiff's suspicions, he is now entitled to rely on defendants' responses as sworn testimony.

Plaintiff also asks the court to compel answers to the following specific interrogatories. Defendants assert that plaintiff did not confer with them on these questions under Fed. R. Civ. P. 37(a)(1) but they provide supplemental responses anyway.[1]

(A) Anderson Interrogatory No. 2: whether plaintiff was ever diagnosed or treated for "any underlying gum disease."

Defendant Anderson provides a supplemental response stating that she is a nurse, not a dentist or dental hygienist, and has no expertise to answer this question, which is a sufficient response.

---

[1] The supplemental response is not signed by the individual defendants, but I understand them to be incorporating the supplement into their original response, which has now been signed by all defendants save the incapacitated defendant Miller.

3

(B) James Thorpe[2] Interrogatory No. 1: asking how many institutions defendant Thorpe works at and the name of those institutions.

Defendant Thorpe's initial response was vague ("3-5 institutions") but he has now supplemented that response by naming five institutions, so nothing further is needed.

(C) Thorpe, Boston and Giswold Interrogatory No. 3: whether a person with six teeth would see his "quality of health" improve if he was given a partial denture.

Defendants initially responded that the question is overly broad and requires speculation (although defendant Boston added that "each case would need to be evaluated individually.") Their supplemental response renews the earlier objection but adds that plaintiff "provides insufficient information to provide an opinion because any response would depend on the location and condition of the patient's teeth and the condition of the lower mouth." Plaintiff contends that "in reality" this is a "'yes-or-no' question" but he does not have the medical expertise to know that. These defendants, all dentists, are entitled to refrain from giving blanket answers to medical scenarios without knowing more specifics.

### III. Recruitment of Counsel

Finally, plaintiff has renewed his motion for the court's assistance in recruiting him counsel. Twice previously the court has denied his motion in part because the case had not even progressed to the phase in which defendants often move for summary judgment based on a plaintiff's failure to exhaust his administrative remedies, and there was no reason to think that

---

[2] There are two defendants with the last name Thorpe in this case. Only defendant James Thorpe is involved in the discovery disputes at issue in this order.

plaintiff would need counsel for this step. However, the deadline for exhaustion motions now has passed. In addition, plaintiff qualifies as indigent based on the financial information he previously submitted.

This court requires that a party seeking counsel shows that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).  Plaintiff states that he has contacted seven different attorneys who have turned him down. Usually the court requires that plaintiff submit the rejection letters he receives from counsel, which plaintiff has not done in this instance.  However, he has submitted approved disbursement requests earmarked for correspondence with outside attorneys, which I conclude is sufficient in this case.

The final step is to determine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).  As this case has proceeded it has become apparent that this case will outstrip plaintiff's abilities, particularly as it will involve issues of deliberate indifference and duty of care in the dental context, which might necessitate expert testimony.  Accordingly, I will grant plaintiff's motion and the court will attempt to locate counsel for plaintiff. Further proceedings in this case will be stayed until counsel is found, at which point the court will hold a telephonic status and scheduling conference with both sides.

ORDER

It is ORDERED that:

(1) Plaintiff Robert L. Collins Bey's motion to compel discovery and for discovery sanctions, dkt. 40, is DENIED.

(2) Plaintiff's motion for the court's assistance in recruiting counsel, dkt. 47, is GRANTED.

(3) Further proceedings in this case are STAYED pending the court locating counsel for plaintiff.

Entered this 9th day of September, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge