IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L. COLLINS BEY,

                Plaintiff,

  v.

TIM HAINES, PETER HUIBREGTSE,
MICHAEL MEISNER, TONY ASHWORTH,
MARY MILLER, CINDY SAWINSKI,
KAREN ANDERSON, CYNTHIA M. THORPE,
DR. JAMES THORPE, DR. JAMES WOMMACK,
DR. WILLIAM GISWOLD, DR. TOM BOSTON,
and GARY BOUGHTON,

                Defendants.

ORDER

13-cv-618-jdp

Plaintiff Robert L. Collins Bey, a prisoner currently housed at the Wisconsin Secure Program Facility (WSPF), brings Eighth Amendment deliberate indifference and state law negligence claims regarding defendant prison officials' alleged failure to provide him with adequate dental care. He alleges that prison staff left serious dental problems untreated for unreasonably long periods, including a delay of eight years in providing him with a replacement for a broken partial denture.

I granted defendants' motion for summary judgment regarding all of the individual-capacity claims Collins Bey brought, in large part because the summary judgment record showed that the individual defendants were doing the best they could in handling Collins Bey's treatment "in the context of dealing with their entire workload, long patient waiting lists and short work weeks." Dkt. 119, at 13. But testimony about the crushing workload faced by dental staff supported Collins Bey's official-capacity claim against defendants Warden Gary Boughton and Health Services Unit manager Mary Miller regarding the state's policy for staffing the

WSPF dental unit. Defendants did not directly address this claim in their motion for summary judgment, so I gave defendants a chance to file a new motion about the official-capacity claim, which they have done. I will address that motion in a forthcoming order.

During the briefing of defendants' original summary judgment motion, Collins Bey filed a motion for extension of his legal loan, saying that he would not be able to pay for postage or other materials he needed to submit filings with the court. After having defendants show cause why they should not provide Collins Bey with adequate materials, I denied the motion after Collins Bey submitted voluminous summary judgment materials. Right after my summary judgment opinion dismissing Collins Bey's individual-capacity claims, he filed a new motion for extension of his legal loan, Dkt. 120, arguing in part that he was forced to send original copies of an earlier motion for recruitment of counsel and his brief opposing summary judgment, Dkt. 111 and Dkt. 113, and that he would not be able to file a motion for reconsideration or a response to defendants' supplemental summary judgment filing.

I remain unconvinced that Collins Bey needs this court's intervention to file documents in this case. The briefing on Collins Bey's previous legal loan motion already made clear that inmates may receive new funds each calendar year. And although Collins Bey did not submit materials directly opposing defendants' supplemental summary judgment filings, after the calendar turned to 2017, he submitted his own lengthy motion for reconsideration of my summary judgment opinion.[1] I also note that mailing costs have been eliminated by this court's

---

[1] Collins Bey also filed a motion for an extension of time of the "ten day rule" to file a motion for reconsideration. Dkt. 122. I take Collins Bey to be bringing this motion under the assumption that Federal Rule of Civil Procedure 59 ("New Trial; Altering or Amending a Judgment") applies to his motion for reconsideration, but it does not apply because my summary judgment opinion did not resolve all of the claims in the case and judgment was not entered. I will deny his motion for an extension of time as unnecessary.

electronic-filing program with certain DOC prisons, including WSPF. He should no longer need postage or envelopes.

Because Collins Bey says that he was forced to send original copies of certain documents to the court, I will direct the clerk of court to send Collins Bey copies of those documents.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's motion for extension of time to file a motion for reconsideration, Dkt. 122, is DENIED as unnecessary.

2. Plaintiff's motion for an extension of his legal loan, Dkt. 120, is DENIED.

3. The clerk of court is directed to send plaintiff copies of Dkt. 111 and Dkt. 113.

Entered September 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge