IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                Plaintiff,

  v.

MAN LEE,

                Defendant.

ORDER

13-cv-618-jdp

---

Plaintiff Robert L. Collins Bey, a prisoner currently housed at the Wisconsin Secure Program Facility (WSPF), brought Eighth Amendment deliberate indifference and state law negligence claims regarding defendant prison officials' alleged failure to provide him with adequate dental care. The only claim remaining in this case is Collins Bey's official-capacity claim for injunctive relief regarding the state's policy for staffing the WSPF dental unit.

Man Lee, the DOC dental director, has been substituted as the lone remining defendant for the official-capacity claim. To support the state's motion for summary judgment on the official-capacity claim for injunctive relief, Lee produced statistics from the DOC's "dental waitlist report cards" showing increased wait times at WSPF in 2016 while the DOC had a vacancy for its part-time dentist and instead used other dentists on a fill-in basis. Lee explained the plan to increase dentist hours at WSPF by hiring a dentist to work about 24 hours a week, and hire another, limited-term, dentist to provide another 8 to 16 hours of care split between WSPF and another prison. *See* Dkt. 126.

I concluded that the DOC's plan appeared to be a reasonable response to the wait-list statistics, but before granting summary judgment to defendants, I wanted to be certain that the DOC had followed through with its plan. Dkt. 131, at 7. I directed the state to provide

materials explaining how many hours of dentist time they now have at WSPF, and the impact it has had on the wait lists for dental care at WSPF. *Id.*

The state has filed a supplemental declaration by defendant Lee, to which Collins Bey has not responded. Dkt. 133. Lee states that a full-time dentist splits time between WSPF and the Prairie du Chien Correctional Institution, with 24 hours a week spent at WSPF. *Id.* at 2. Lee also says that a limited-term dentist was hired to work 8 hours a week at the Prairie du Chien Correctional Institution, and that therefore, "WSPF has increased 4 hours of dentistry per week." *Id.* I take Lee to be saying that the limited-term dentist in Prairie du Chien helped to clear up time at WSPF for the full-time dentist.

This is not quite the plan that Lee proposed in his previous declaration, in which the limited-term dentist would spend time at WSPF in addition to the 24 weekly hours spent by the full-time dentist. But Lee states that the current plan has nonetheless resulted in decreased dental wait-list times for inmates on the "routine" and "essential routine" lists. Lee says that the wait for routine problems is down to 29 weeks (DOC's policy calls for routine problems to be scheduled within 40 weeks) and the wait for essential-routine problems is down to under 5 weeks (DOC's policy calls for these problems to be scheduled within 8 weeks). *Id.* at 2–3. And as with the 2016 data, all urgent dental requests were completed within 24 hours. *Id.* at 2.

But all the state has to support these statistics is Lee's say-so. This is unlike the previous round of summary judgment submissions, where the state provided printouts of the report cards showing the wait-list data. The state owes it to Collins Bey and the court to provide the actual data, not just Lee's recounting of it. Fed. R. Evid. 1002. It is also unclear exactly what month all of these statistics are from and whether they represent an outlying month's improvement or a long-term trend.

So I will direct Lee to submit a final supplement to his motion for summary judgment, providing an original version of wait-list data for WSPF, preferably in a form similar to the report cards previously submitted by the state so that I can easily compare the new data with the previous data. Lee should also provide at least the most recent six months' worth of data so that I can see the longer-term impact of the DOC's hiring decisions. Collins Bey will be given a chance to respond.

ORDER

IT IS ORDERED that defendant Lee may have until October 12, 2018, to respond to this order regarding the implementation of the DOC's hiring plan. Plaintiff may have until October 26, 2018, to respond to defendant's filing.

Entered September 28, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge