IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                Plaintiff,

v.

MAN LEE,

                Defendant.

ORDER

13-cv-618-jdp

---

Plaintiff Robert L. Collins Bey, appearing pro se, brought Eighth Amendment deliberate indifference and state law negligence claims regarding defendant Wisconsin Department of Corrections officials' alleged failure to provide him with adequate dental care. The only claim remaining in this case is Collins Bey's official-capacity claim for injunctive relief regarding the state's policy for staffing the Wisconsin Secure Program Facility dental unit.

Defendant Man Lee, the DOC dental director, produced statistics from the DOC's "dental waitlist report cards" showing increased wait times at WSPF in 2016 while the DOC had a vacancy for its part-time dentist and instead used other dentists on a fill-in basis. Lee explained the plan to increase dentist hours at WSPF by hiring a dentist to work about 24 hours a week, and hire another, limited-term, dentist to provide another 8 to 16 hours of care split between WSPF and another prison. *See* Dkt. 126.

I concluded that the DOC's plan appeared to be a reasonable response to the wait-list statistics, but before granting summary judgment to defendants, I wanted to be certain that the DOC had followed through with its plan. Dkt. 131, at 7. I directed the state to provide materials explaining how many hours of dentist time they now have at WSPF, and the impact it has had on the wait lists for dental care at WSPF. *Id.*

Lee submitted a supplemental declaration stating that the DOC hired a full-time dentist to split time between WSPF and the Prairie du Chien Correctional Institution, and a limited-term dentist was hired to work 8 hours a week at the Prairie du Chien Correctional Institution, which resulted in WSPF having 24 hours of dentist time a week. Dkt. 133, at 2.

I stated that this was not quite the plan that the DOC had previously articulated, but Lee said that it successfully resulted in decreased dental wait-list times for inmates on the "routine" and "essential routine" lists, the inmates suffering a non-emergency amount of pain. *See* Dkt. 134, at 2. But because Lee did not submit evidence supporting his statements about the wait-list times, I directed him to provide a final supplement including at least the most recent six months' worth of data so that I could see the longer-term impact of the DOC's hiring decisions. *Id.* at 2–3.

Lee has now submitted "Dental Performance Measures" reports including the wait-list data for April through September 2018. Dkt. 135-1. Collins Bey did not respond to the supplement. The data shows that maximum wait times for "routine" care at WSPF fluctuated between 15 and 29 weeks, below the 40-week goal set by DOC policy and well below the 58-week maximum time WSPF had in 2016, while the full-time dentist position was vacant. *Compare* 135-1 (2018 data) *with* 126-3 (October 2016 data). The wait list for routine care shrunk from a high of 73 inmates in 2016 to 40 in September 2018. The maximum wait times for "essential routine" care fluctuated between 4 and 8 weeks, at or below the 8-week goal set by DOC policy and below the 11-week maximum time WSPF had in 2016. The wait list for essential routine care shrunk from a high of 12 inmates in 2016 to 4 in September 2018. And as with the 2016 data, all urgent dental requests in 2018 were completed within 24 hours.

So the data here shows that wait times increased while there was a vacancy for the full-time dentist position and that the wait times decreased to reasonable levels once the DOC hired a new full-time dentist and an additional part-time dentist. I previously explained to Collins Bey that the facts that he ultimately received treatment and that the DOC hired new dentists do not automatically mean that his claim for injunctive relief is moot, but there must still be "some cognizable danger of recurrent violation, something more than the mere possibility." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (internal quotations omitted). Also, I am limited to ordering injunctive relief that "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See* 18 U.S.C. § 3626(a)(1)(A). The data provided by the state convinces me that Collins Bey's claim for injunctive relief is moot because the current dental team in place has the wait times under control, and there is no other reasonable, limited action that I need to order DOC officials to take. So I will grant defendants' motion for summary judgment on the official-capacity claim and dismiss the case.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 80, is GRANTED with respect to plaintiff Robert L. Collins Bey's official capacity claim regarding the state's policy for staffing the Wisconsin Secure Program Facility dental unit.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered November 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge